IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHEN W. LAWRENCE and )
BEVERLY E. CAMPBELL, as )
co-executors of the Estate of Lloyd )
Lawrence, )
)
             Plaintiffs, )
)
v. )
)
RUBIN LUBLIN TN, PLLC, URBAN )
FINANCIAL GROUP, INC. and URBAN )
FINANCIAL OF AMERICA, LLC, )
)
             Defendants. )

No. 3:14-02260
Senior Judge Haynes

## MEMORANDUM

Plaintiffs, Stephen W. Lawrence and Beverly E. Campbell, originally filed this action in the Chancery Court of Williamson County, Tennessee, against Defendants, Rubin Lublin TN, PLLC, a Tennessee professional limited liability company, and Urban Financial Group, Inc., a former Oklahoma corporation that has changed its name to Urban Financial of America, LLC and thereafter to a Delaware limited liability company ("Urban"). Plaintiffs assert claims for violation of 12 U.S.C. § 2605, the Real Estate Settlement Procedures Act ("RESPA"), and Tenn. Code Ann. § 47-30-113, § 47-30-101 and § 47-30-115(1), (4), (6) and (7), the Tennessee Home Equity Conversion Mortgage Act ("HECMA"). Defendants removed this action to this Court under 28 U.S.C. § 1331, the federal question statute.

This action arises out of a reverse mortgage obtained by Lloyd Lawrence. Upon Lawrence's death, his estate was informed of the reverse mortgage and the amount required to pay the debt. Plaintiffs allege that several violations occurred in the subsequent communications

between the estate and Defendants. In sum, Plaintiffs allege that Defendants violated 12 U.S.C. § 2605(e) by failing to respond to a Qualified Written Request ("QWR"), as is required by a servicer of a reverse mortgage; that Defendants violated T.C.A. § 47-30-115(1) and (4) by obtaining insurance on the property and adding the premium to the reverse mortgage balance; and that Defendants violated T.C.A. § 47-30-113 by failing to provide a 60-day notice of acceleration and foreclosure.[1]

Before the Court is Defendants' motion to dismiss for failure to state a claim, (Docket Entry No. 8), contending, in sum: (1) that Plaintiffs have not named Urban or Rubin Lublin as the servicer of the reverse mortgage; (2) that Plaintiffs have not sufficiently alleged that the letter sent to Urban was a QWR and have not alleged any damages under 12 U.S.C. § 2605(e); (3) that the provisions of HECMA are limited to lenders, and because Rubin Lublin PLLC is a law firm and has not been alleged to be a lender, Plaintiffs' claims under HECMA should be dismissed; (4) that a lender has the right to obtain insurance on a property and Plaintiffs have not alleged any damages as a result of Defendant insuring the property; (5) that Plaintiffs' claim under Tenn. Code Ann. § 47-30-115(6) is barred by the applicable one year statute of limitations in Tenn. Code Ann. § 47-30-115(6); and (6) that Plaintiffs have not alleged any damages resulting from the lack of 60-day notice of foreclosure under Tenn. Code Ann. § 47-30-113 because the foreclosure sale was cancelled. Defendants also asserted that Estate of Lloyd Lawrence lacks standing to bring this action, but Plaintiffs filed a motion to substitute the real party in interest

---

[1] By Agreed Order (Docket Entry No. 22) Plaintiff's claim against Defendant Urban "for failure to obtain the Reverse Mortgage Counseling Certificate or alleged violations arising out of T.C.A. § 47-30-115 for failure to obtain the Reverse Mortgage Counseling Certificate" were dismissed.

(Docket Entry No. 10) that was granted (Docket Entry No. 13, Order). Thus, Defendant's contention is moot.

For the reasons set forth below, the Court concludes that Defendants' motion to dismiss should be granted as to Plaintiffs' RESPA claim. Absent a viable federal law claim, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims.

### A. Analysis of the Complaint

The decedent, Lloyd Lawrence, owned property at 4295 North Chapel Road, Franklin, Tennessee 37067. (Docket Entry No. 1, Notice of Removal, Exhibit A Complaint, at ¶ 1). On May 25, 2011, Lawrence obtained a reverse mortgage from Urban. Id. at ¶ 7. Lawrence paid a $15,434.35 settlement fee and executed a first and second mortgage note and a first and second deed of trust. Id. at ¶¶ 7-8. Lawrence was to receive $60,000.00 from this transaction. Id. at ¶ 8.

On September 28, 2013, Lawrence died. Id. at ¶ 10. Lawrence's will named Stephen Wayne Lawrence and Beverly Elaine Campbell as co-executors. Id. at ¶ 6. On or about October 10, 2013, Lawrence's will was probated. Id. at ¶ 11. Letters of testamentary were issued, and notices to creditors were published in the Tennessean. Id. On October 10, 2013, the estate received a letter from Urban regarding the resolution of the reverse mortgage. Id. at ¶ 12. Prior to this letter, Plaintiffs were unaware of a reverse mortgage on the property. Id. at ¶¶ 12-13. Lawrence attempted to contact Urban by telephone and mail to request validation of the debt. Id. at ¶¶ 14-15. On January 2, 2014, Lawrence sent a letter by certified mail to Urban requesting validation of the debt. Id. at ¶ 15.

On June 1, 2014, Lawrence received a package from Reverse Mortgage Solutions, Inc. ("RMS") that included a HUD-1 settlement statement, the first mortgage note, the first Home

Equity Conversion Deed of Trust and a list of loan balance transactions. Id. at ¶ 19. The loan documents had been signed by Lloyd Lawrence. Id. On April 3, 2014, May 15, 2014 and June 19, 2014, RMS sent letters requesting verification of homeowner's insurance. Id. at ¶ 17. Lawrence attempted to inform RMS that a homeowner's insurance policy was in place. Id. On July 17, 2014, RMS informed the estate that it placed homeowner's insurance on the property at a cost of $2,565.68. Id. at ¶ 18.

On July 22, 2014, Rubin Lublin sent a "Notice of Acceleration and Foreclosure" that scheduled a foreclosure sale for September 4, 2014. Id. at ¶ 20. The foreclosure sale did not take place as scheduled. Id. at ¶ 21.

### B. Conclusions of Law

The standard for a motion to dismiss is whether the complaint has factual allegations that "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiff, with all reasonable inferences in the Plaintiff's favor. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).

Federal Rule of Civil Procedure 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 8(e), "[p]leadings must be construed so as to do justice." Although "Rule 8(a) does not require a plaintiff to plead his [claims] with particularity ... the factual allegations in the complaint must be sufficiently clear to permit the Court and the defendants to

ascertain the nature of the claims that are asserted." Howard v. Cargill, Inc., No. 08-2057-STA-dkv, 2009 WL 973086, at *3 (W.D.Tenn. April 9, 2009) (citing Swierkiewicz v. Sorema, S.A., 534 U.S. 506 (2002)).

Plaintiffs assert that the written communication sent on January 2, 2014 was a Qualified Written Request requiring a response under RESPA. RESPA specifically defines the components of a QWR:

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that –
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

In his January 2, 2014 letter to Urban, Stephen Lawrence identifies him as the executor of Lloyd Lawrence's estate, the address of the property and the loan number. (Docket Entry No. 15, Response to Motion to Dismiss, Exhibit 4). Lawrence requested "[a] copy of the original loan, signed by [his] father," "[s]tatements reflecting any amounts of money, supposedly withdrawn by [his] father," "[s]tatements reflecting any fees that have been associated in the duration of this loan," and "[a]ny other documentation that will confirm your claims regarding this loan as being legitimate." Id.

"[O]nly 'servicers' of a loan are duty-bound by RESPA to respond to QWRs." Gibson v. Mortg. Elec. Registration Sys., Inc., No. 11-2173-STA, 2011 WL 3608538, at *4 (W.D. Tenn. Aug. 16, 2011); see also Jacques v. JPMorgan Chase Bank, N.A., 2015 WL 58646, at *3 (W.D.

Mich. Jan. 5, 2015). A "servicer" is defined as "the person responsible for servicing a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "'Servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Plaintiffs do not allege that either Rubin Lublin or Urban was the servicer of this reverse mortgage. In the complaint, Plaintiffs state "[t]he lender on the HUD settlement statement was listed as Urban Financial Group, Inc." (Docket Entry No. 1, Notice of Removal, Exhibit A Complaint, at ¶ 7). As to Rubin Lublin, Plaintiffs' complaint alleges that "upon information and belief, [Rubin Lublin's] business consists of the practice of law which includes conducting foreclosure sales on behalf of their clients such as the other Defendants in this case." Id. at ¶ 2. Because Plaintiffs have not alleged that either Defendant is the servicer of this reverse mortgage, the Court concludes that Plaintiffs cannot state a claim for relief under RESPA.

Moreover, the subject matter of the letter must be related to servicing to be a valid QWR. "'In determining whether a given request constitutes a QWR, courts have drawn a distinction between communications related to the servicing of the loan, which are covered under RESPA, and those challenging the validity of a loan, which are not.'" Jestes v. Saxon Mortg. Services, Inc. No. 2:11-00059, 2014 WL 1847806, at *7 (M.D. Tenn. May 8, 2014) (citation omitted). In the January 2, 2014 letter, Lawrence requested information as to the validity of the loan, not the servicing of the loan.

Plaintiffs also have not alleged damages in connection with the RESPA claim. "When a

loan servicer violates Section 2605, the borrower is entitled to 'any actual damages to the borrower as a result of the failure' and 'any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [Section 2605].' 'However, remedies for violations of § 2605(e) are conditioned upon actual damages to the borrower.' Therefore, to state a plausible claim plaintiff must allege actual damages arising from the violation.'" Ford v. New Century Mortg. Corp., 797 F.Supp.2d 862, 870 (N.D. Ohio 2011) (citations omitted). According to the complaint, "Plaintiff's damages **may** consist of increased costs to the estate which would otherwise not have incurred, attorney fees and other costs but not limited to such. Punitive damages should be awarded to deter Defendants from any such further actions against others." (Docket Entry No. 1, Notice of Removal, Exhibit A Complaint, at ¶ 26) (emphasis added). Plaintiff has not sufficiently alleged damages resulting from this RESPA claim. For these collective reasons, the Court concludes that Plaintiffs' RESPA claim fails to state a claim for relief.

Accordingly, Defendants' motion to dismiss as to the claim under 12 U.S.C. § 2605(e) (Docket Entry No. 8) should be granted. Without a viable federal claim, the Court declines to exercise supplemental jurisdiction over the state law claims. See e.g., Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1504 (6th Cir. 1990).

An appropriate Order is filed herewith.

ENTERED this the 18th day of May, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge